UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEMETRIUS DARNELL WARLICK,

Plaintiff,

v.

ROSIE LEE WARLICK and the
INTERNAL REVENUE SERVICE,

Defendants.

Case No.  C05-5037RBL

REPORT AND RECOMMENDATION

**NOTED FOR:**
**JULY 29th, 2005**

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Plaintiff is an inmate proceeding *in form pauperis.*  After reviewing the complaint the undersigned recommends that the action be **DISMISSED WITH PREJUDICE** for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. § 1915 (g).

Plaintiff alleges his mother Rosie Lee Warlick has filed fraudulent tax returns and improperly claimed him as a dependent child.  (Dkt. # 4 complaint).  Plaintiff alleges he brought the improper conduct to the attention of the Internal Revenue Service, but, nothing was done. (Dkt. # 4 complaint).  Plaintiff alleges he has not been in his mother's care since 1991.  He brings this action and seeks to recover $6000 dollars from his mother and $6000 from the Internal Revenue Service.  The complaint fails to state a claim and the court can not picture an amendment that would cure the defects in this fact pattern.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the

REPORT AND RECOMMENDATION
Page - 1

1 conduct complained of was committed by a person acting under color of state law and that (2) the
2 conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws
3 of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*,
4 Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an
5 alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350,
6 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

7	Mr. Warlick's mother was not acting under color of state law in filing tax returns. The
8 allegation that information in the returns was fraudulent does not create a cause of action under
9 the Civil Rights Act, 42 U.S.C. § 1983. Further, the Internal Revenue Service is not obligated to
10 Mr. Warlick to either investigate or take action on information he may provide to them. Finally,
11 the Internal Revenue Service is not a person.

12	*In forma pauperis* complaints may be dismissed before service under 28 U.S.C. § 1915
13 (e)(2)(B)(ii). Neitzke v. Williams, 490 U.S. 319, 324 (1989). Leave to amend is not necessary
14 where it is clear that the deficiencies in the complaint cannot be cured by amendment. Dismissal
15 for failure to state a claim counts as a strike under the Prison Litigation Reform section 28 U. S.
16 C. § 1915 (g). The action should be **DISMISSED WITH PREJUDICE** and counting as a
17 strike. A proposed order accompanies this report and recommendation.

18	Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure,
19 the parties shall have ten (10) days from service of this Report to file written objections. *See also*
20 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes
21 of appeal. Thomas v Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
22 72(b), the clerk is directed to set the matter for consideration on **July 29th, 2005**, as noted in the
23 caption.

		DATED this 28th day of June, 2005.

					Karen L. Strombom
					United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2